IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:24-cv-00284-MR-WCM

| | |
|---|---|
| AMERICAN WHITEWATER and AMERICAN RIVERS, ) ) ) Plaintiffs, ) ) vs. ) ) THE UNITED STATES ARMY CORPS ) OF ENGINEERS, UNITED STATES ) FOREST SERVICE, and UNITED ) STATES FISH AND WILDLIFE ) SERVICES, ) ) Defendants. ) _____ ) | O R D E R |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [Doc. 5].

I. **BACKGROUND**

The Plaintiffs American Whitewater and American Rivers bring this action pursuant to the Rivers and Harbors Act of 1899, 33 U.S.C. § 400 et seq. ("Rivers and Harbors Act"); the Clean Water Act, 33 U.S.C. § 1251 et seq. ("CWA"); the Forest Service Organic Act, 16 U.S.C. § 551 et seq.; the National Forest Management Act, 16 U.S.C. § 1600, et seq.; the National Environmental Policy Act, 42 U.S.C. § 4331, et seq. ("NEPA"); and the

Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-06, seeking to challenge authorizations and approvals from the U.S. Army Corps of Engineers ("the Corps"), the U.S. Forest Service ("USFS"), and U.S. Fish and Wildlife Service ("FWS") (collectively, the "Agencies") authorizing CSX Transportation, Inc. ("CSXT") to conduct activities necessary to repair and reconstruct its railroad line through the Nolichucky River Gorge that was severely damaged by the catastrophic flooding from Hurricane Helene on September 27, 2024. The Plaintiffs allege that the methods used by CSXT in its reconstruction efforts are harming the environment, wildlife, and scenery in the Gorge as well as affecting the navigability of the river. [Doc. 1]. They further allege that CSXT began its work without first securing necessary authorizations from any of the overseeing agencies, and thus without any mitigation requirements. [Id.].

The Plaintiffs filed this action on November 18, 2024. [Doc. 1]. They filed the present Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction at approximately 4:40 p.m. on November 20, 2024. [Doc. 5]. In their Motion, the Plaintiffs request entry of a TRO by noon on Friday, November 22, 2024. [Id. at 1]. The Defendants filed an expedited response to the Plaintiffs' TRO request on November 22, 2024. [Doc. 17].

2

## II. STANDARD OF REVIEW

To obtain temporary injunctive relief, a plaintiff must establish that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) injunctive relief is in the public interest. <u>Winter v. Natural Resources Defense Council, Inc.</u>, 555 U.S. 7, 20 (2008). Thus, in each case the Court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." <u>Amoco Prod. Co. v. Village of Gambell</u>, 480 U.S. 531, 542 (1987). A plaintiff's entitlement to preliminary injunctive relief is a matter of discretion with the Court. <u>See</u> <u>Metropolitan Reg'l Info. Sys., Inc. v. American Home Realty Network, Inc.</u>, 722 F.3d 591, 595 (4th Cir. 2013).

## III. DISCUSSION

The Plaintiffs seek the entry of a TRO a mere 43 hours after they filed their motion. The Plaintiffs have not identified any particular adverse action that will occur on November 22, 2024. Moreover, the Plaintiffs acknowledge that the Government has been collaborating with CSXT on the rebuild efforts since at least October 15, 2024, and that CSXT has been performing the challenged work for "weeks." [<u>See</u> Doc. 1: Complaint at ¶¶ 93, 119]. The Plaintiffs have failed to establish a harm so immediate and irreparable that

3

temporary injunctive relief must issue before all parties can be heard on the Plaintiffs' preliminary injunction request.

Hurricane Helene was a devastating natural disaster, and the response to it has been extensive and complex, requiring the coordination of multiple governmental agencies and private industries such as CSXT to repair and restore vital infrastructure. Moreover, as the Defendants' filing indicates, the rebuilding efforts of the CXST rail line in both North Carolina and Tennessee are subject to daily developments, which may in fact render some or all of the Plaintiffs' request for injunctive relief moot. For example, less than two hours after the Plaintiffs filed the present motion, CSXT received additional work parameters on the Rebuild from the Corps' Nashville District, including parameters directly addressing the impact on the endangered species Appalachian elktoe and Virginia spiraea. [See Doc. 17-1 at 4-5].

For all these reasons, the Court will deny the Plaintiffs' request for a temporary restraining order. The Court will reserve ruling on the Plaintiffs' request for a preliminary injunction until such time as the Defendants have had an opportunity to respond to the Plaintiffs' motion. The Defendants shall file their response no later than December 4, 2024.

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' Motion for Temporary Restraining Order [Doc. 5] is **DENIED**. The Court will reserve

ruling on the Plaintiffs' request for a preliminary injunction until such time as the Defendants have had an opportunity to respond to the Plaintiffs' motion. The Defendants shall file a response to the Plaintiff's Motion for Preliminary Injunction no later than **December 4, 2024**.

**IT IS SO ORDERED.**  Signed: 11/22/2024

Martin Reidinger
Chief United States District Judge

5

Case 1:24-cv-00284-MR-WCM     Document 24     Filed 11/22/24     Page 5 of 5